IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JUSTIN AARON VILLARREAL                                                                    PLAINTIFF

v.                          Civil No.      4:23-cv-04106-SOH-BAB

SERGEANT JOSHUA WATSON;
MAJOR VICKI WALKER; and                                                                   DEFENDANTS
JOHN MINERS

## REPORT AND RECOMMENDATION

Plaintiff, Justin Aaron Villarreal, currently an inmate of the Arkansas Department of Corrections Ouachita River Unit, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to Section 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.  BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on November 7, 2023. (ECF Nos. 1, 2). The Court granted Plaintiff's IFP Motion on the same day. (ECF No. 3).

1

At all times relevant to the claims in this matter, Plaintiff was a convicted inmate at Southwest Arkansas Community Correction Center ("SWACCC") in Texarkana, Arkansas. In his Complaint, Plaintiff alleges three claims[1] against Defendants, Sergeant Joshua Watson, Major Vicki Walker, and Warden John Miners.

In Claim One, Plaintiff claims all Defendants intentionally placed him in harms way by allowing Defendant Watson to be assigned to Plaintiff's housing unit even though Plaintiff has a separate civil action pending against him. Plaintiff claims Defendant Watson is "harassing me and threatening me." Plaintiff also alleges Defendants Walker and Miners were aware of this behavior before they assigned him to Plaintiff's housing unit. (ECF No. 1, p. 4).

In Claim Two, Plaintiff alleges a claim of harassment against only Defendant Watson. Plaintiff claims he has continuously been "harassed and threatened" by Defendant Watson since filing the separate case against him. Defendant Watson told Plaintiff: "I am going to hurt you and make your life suck." (ECF No. 1, p. 6).

In Claim Three, Plaintiff claims Defendants Walker and Miners were negligent in their placement of Defendant Watson as supervisor over Plaintiff's housing unit at SWACCC. (ECF

---

[1] Plaintiff's claims are specifically listed as: Claim One for "Intentional Placing In Harms Way;" Claim Two for "Harassment;" and Claim Three for "Negligence of duty." (ECF No 1, pp. 4-9). While Plaintiff does state in his factual assertions that he has a previous case filed against Defendant Watson and the verbal harassment alleged here escalated after the filing of the previous case, Plaintiff does not provide the Court with any indication he is asserting a retaliation claim against Defendant Watson. There is no assertion of a First Amendment violation and no factual allegations of chilling Plaintiff's separate case prosecution. Accordingly, even given a liberal construction as a *pro se* Complaint, the Court does not consider Plaintiff's Complaint to assert a claim of retaliation. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (to establish a First Amendment retaliation claim under Section 1983 a plaintiff must show: "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity, and (3) the adverse action was motivated at least in party by the exercise of the protected activity.").

No. 1, p. 8).

Plaintiff claims these actions by Defendants violated his 8th and 14th Amendment rights as well as his rights under the "Residents Bill of Rights."[2] (ECF No. 1, p. 8). Plaintiff seeks compensatory and punitive damages as relief in this matter. *Id*. at 9.

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right. *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

---

2 The Plaintiff does not offer any explanation of the "Residents Bill of Rights." Without any further information, the Court must presume it is an internal policy of SWACC or the Arkansas Department of Community Corrections regarding the rights of inmates in their facilities.

### III.  DISCUSSION

The facts set forth in Plaintiff's Complaint against Defendants do not support a plausible cause of action for relief under 42 U.S.C. § 1983.  *See Schaller Tel. Co. v. Golden Sky Sys., Inc.*, 298 F.3d 736, 740 (8th Cir. 2001) (explaining a plaintiff's claim should be dismissed for failure to state a claim if it appears beyond a doubt the complaint can prove no set of facts to support his purported cause of action.)

Plaintiff's Complaint, while separated into three claims, relies wholly on the same actions of Defendant Watson.  The crux of all three of Plaintiff's claims are Defendant Watson's verbal threats and harassment.  It is well established that "[v]erbal threats do not constitute a constitutional violation." *Martin v. Sargent*, 780 F.2d 1334, 1339 (8th Cir. 1985).  Similarly, taunts, name calling, and the use of offensive language does not state a claim of constitutional dimension.  *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) (inmate's claims of general harassment and of verbal harassment were not actionable under Section 1983); *O'Donnell v. Thomas*, 826 F.2d 788, 790 (8th Cir. 1987) (verbal threats and abuse by jail official did not rise to the level of a constitutional violation).  Accordingly, Plaintiff's Claim Two for harassment against Defendant Watson clearly fails to state a cognizable constitutional violation claim.

Similarly, Plaintiff's Claim One and Three appear to allege failure-to-protect claims.  Specifically, that Defendants Walker and Miners should have prevented Defendant Watson's verbal harassment and threats against Plaintiff or Defendants Walker and Miners were negligent in placing Defendant Watson in charge of Plaintiff's housing unit.  An Eighth Amendment claim for failure to protect is comprised of two elements: (1) first, an "inmate must show that [he] is incarcerated under conditions posing a substantial risk of serious harm" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); (2) second, Plaintiff must establish that the Defendants recklessly

disregarded that risk. *Jackson v. Everett*, 140 F.3d 1149, 1151 (8th Cir. 1998). The prison official's state of mind is measured by a subjective, rather than an objective standard. *Farmer*, 511 U.S. at 838-839. "The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more than gross negligence," namely, a "mental state akin to criminal recklessness." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2006) (citations and quotations omitted); *see also Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017) (explaining "mere negligence or inadvertence does not rise to the level of deliberate indifference.")

Here, as already explained, the alleged harm (verbal threats and harassment) does not rise to the level of a constitutional violation. The Court does not find the verbal threats and harassment posed a substantial risk of serious harm to Plaintiff's health or safety. Accordingly, Plaintiff has failed to establish the first element of a failure-to-protect claim, and he has failed to state a cognizable constitutional violation claim against Defendants Walker and Miners.[3]

It is also well settled that inmates do not have a constitutional right to enforce compliance with internal prison rules or regulations. *See Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003) ("there is no federal constitutional liberty interest in having . . . prison officials follow prison regulations"); *Gardner v. Howard*, 109F.3d 427, 430 (8th Cir. 1997) (violating prison policy does not per se implicate Section 1983 liability). Accordingly, Plaintiff's claim that Defendants' actions violate the "Residents Bill of Rights," also fails to state a cognizable constitutional violation.

Finally, Plaintiff asserts his claims against Defendants in both their individual and official

---

3 While the Court need not address the second element of Plaintiff's failure to protect since the first element was not satisfied, the Court does note the allegation of Defendants negligent conduct also cannot satisfy the high deliberate indifference standard of the Eighth Amendment. *See Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

capacities. However, without a cognizable constitutional violation alleged, there can be no official capacity claim against Defendants. *See Morris v. Cradduck,* 954 F.3d 1055, 1060 (8th Cir. 2020); *Sanders v. City of Minneapolis, Minn.,* 474 F.3d 523, 527 (8th Cir. 2007) (citing *City of Los Angeles v. Heller,* 475 U.S. 796, 799 (1986)).

## IV. CONCLUSION

For these reasons, it is recommended that Plaintiff's Complaint (ECF No. 1) be dismissed without prejudice for failure to state a claim under 28 U.S.C. § 1915A(b)(1).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 5th day of December 2023.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE